Steven Cade   OSB #106466
E-mail: steven@cadelaw.com
621 SW Morrison, Suite 700
Portland, Oregon, 97204
Phone: (503) 972-9410
Fax: None

Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **KATHLEEN ROBERTS**,<br>        Plaintiff,<br><br>                    v.<br><br>**FISHING ROCK OWNERS' ASSOCIATION, INC.**, an Oregon Corporation, **GAIL OHM**, an individual, **JOHN OHM**, an individual, **VICKIE ROBERTS**, an individual, **DON ROBERTS,** an individual,<br>        Defendants. | Case No.: 11-6292-TC<br><br>**FIRST AMENDED COMPLAINT**<br>Civil Rights/Damages/Intentional Infliction of Emotional Distress (28 U.S.C. §1331)<br>**DEMAND FOR JURY TRIAL** |

I.

INTRODUCTION

1.     Pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601-3619, ("FHA"), Plaintiff

alleges a violation of her rights to be free from discrimination in housing and to freedom from

Page 1 -FIRST AMENDED COMPLAINT         Steven F. Cade, Attorney at Law
                                        621 SW Morrison, Ste 700, Portland, OR 97204
                                        Tel: (503) 972-9410

coercion, intimidation, threats, and interference on account of exercising her federal civil rights. Under state law, Plaintiff alleges claims for violations of similar civil rights guaranteed by state law and for intentional infliction of emotional distress.

2. Plaintiff seeks injunctive relief, damages, attorney fees and costs for violations of Plaintiff's statutory rights to equal housing opportunity and for the tortious conduct of the defendants.

II.

JURISDICTION

3. This action arises under federal statutes, 42 U.S.C. §§3604, 3617, so this Court has jurisdiction. 28 U.S.C. § 1331. This court has jurisdiction over the Plaintiff's state law claims because they arise out of a common nucleus of operative fact as the Plaintiff's federal claims such that the state claims constitute part of the same case or controversy as the federal claims. 28 U.S.C. §1367.

III.

PARTIES

4. Plaintiff is a resident of the State of Oregon. Plaintiff resides at 160 Fishing Rock Drive, Depoe Bay, Lincoln County, Oregon. Plaintiff is disabled due to a serious spinal condition and has two young children and moved back in with her parents so that they could help her care for her children.

5. Defendants Don and Vickie Roberts are residents of the State of Oregon. The Roberts defendants are not related to Plaintiff. At all material times Defendant Don Roberts was the President of the Board of Directors of Defendant Fishing Rock Owners' Association, Inc.

Page 2 - FIRST AMENDED COMPLAINT

Steven F. Cade, Attorney at Law
621 SW Morrison, Ste 700, Portland, OR 97204
Tel: (503) 972-9410

("Fishing Rock HOA"). The Roberts Defendants reside at 175 Fishing Rock Drive, Depoe Bay, Oregon, 97341.

6. Defendants John and Gail Ohm are residents of the State of Oregon. At all material times, Defendant Gail Ohm was the Secretary of Fishing Rock HOA. The Ohm Defendants reside at 155 Fishing Rock Drive, Depoe Bay, Oregon, 97341.

7. Defendant Fishing Rock HOA is a domestic nonprofit corporation incorporated under the laws of Oregon. Defendant Fishing Rock HOA's principal place of business is 75 Fishing Rock Drive, Depoe Bay, Oregon, 97341.

IV.

FACTS

8. Plaintiff has degenerative scoliosis and colitis and receives social security disability benefits. Plaintiff's back condition causes her severe pain every day. Plaintiff has malalignment of the lumber spine with extensive chronic multilevel degeneration; early changes of degenerative disk disease at the level of C5-C6; degeneration with mild osteophytic impingement of the ventral aspect of the cervical cord, mild central canal narrowing and narrowing of the neural foramen at C5-C6 and C6-C7; and degenerative scoliosis at L3-L4, L4-L5, and L5-S1.

9. Because of her back condition, Plaintiff has extreme difficulty engaging in many ordinary tasks, such as retrieving things from the floor, walking long distance, working, bending over, doing laundry, brushing the dog, twisting or turning and entering and exiting vehicles.

10. Plaintiff wears a medically prescribed, custom fit, large, 360 degree, hard plastic back brace over her clothes and uses mobility devices to assist her movement (either a walker or an motorized electric chair) such that her handicap is readily apparent to any observer.

11. Plaintiff has a specially trained assistance dog that helps her by retrieving items and providing comfort and protection.

12. Plaintiff moved into her parents house on a full time basis in the Fishing Rock development in the winter of 2011. Plaintiff's children are the only resident children in the development.

13. Plaintiff's parents moved into the neighborhood in approximately 2004. At the first homeowners meeting they attended, Vickie Roberts, who was on the board at the time, apropos of nothing, called Plaintiff's mother a "bitch" in a loud voice in front of the rest of the homeowners.

14. Plaintiff's parents own two vacant lots in the neighborhood, one on either side of their house. Plaintiff's parents have made numerous attempts to get approval from Fishing Rock to develop one or the other of the lots, to no avail.

15. Defendant Vickie Roberts left a voice mail for Plaintiff's parents stating that "we are going to get you" in 2005.

16. Gail Ohm told Plaintiff's parents that "I didn't like you from the first day, and you people should go live somewhere else."

17. In June 2008 Carol Lentz, then president of the Board of Fishing Rock, specially invited plaintiff's parents to a board meeting, three days after plaintiff's grandfather had died. At that meeting Gail Ohm stated that she had not liked Plaintiff's family from the day they moved in. In response to a question from Plaintiff's father, as to whether their religion was the cause of the animosity, another member of the board stated that it was not the religion that was the problem, but that the Board disliked them because they were the only homeowners with children and grandchildren who visited frequently.

Page 4 - FIRST AMENDED COMPLAINT

Steven F. Cade, Attorney at Law
621 SW Morrison, Ste 700, Portland, OR 97204
Tel: (503) 972-9410

18. Defendants Gail Ohm and Don Roberts have been members of the board of Fishing Rock HOA for as long as the Plaintiff's parents can remember. In prior years, all four named defendants have been members of the board, but now each household is allowed to have only one member on the board at a time.

19. Defendants Gail Ohm, John Ohm, Don Roberts, and Vickie Roberts are friends and have lived in the Fishing Rock neighborhood for many years.

20. Plaintiff believes that defendants Gail Ohm, John Ohm, Don Roberts and Vickie Roberts have served on the architectural review committee of Fishing Rock HOA, although when asked, Fishing Rock HOA has never specifically stated the names of the members of the committee.

21. The Fishing Rock Board meets in secret, and, except when specifically inviting them, the Board has refused all requests by Plaintiff's parents to be allowed to attend the meetings.

22. The Ohms defendants own property across the street from plaintiff's residence. Their property value would decrease substantially if Plaintiff's parents were allowed to build on one or the other of their vacant lots, because such construction would partially obstruct the ocean view from the Ohms' front porch.

23. The Roberts defendants own property in Fishing Rock and that property would similarly decrease in value if Plaintiff's parents were able to build on their property.

24. Defendants Gail Ohm, John Ohm, Don Roberts, and Vickie Roberts have used their position on the Board and the Architectural committee to prevent Plaintiff's parents from building on their property.

25.     Defendant Fishing Rock HOA is subject to restrictive covenants including restrictions on parking and domestic animals; each house within the development and residents and guests are also subject to these restrictive covenants.

26.     These rules have the effect either of preventing plaintiff from parking close to her home and from having her assistance dog live with her, or of forcing one of her parents to park far away or get rid of one of their pets, and thus Plaintiff needs an accommodation or modification of these restrictive covenants, the restrictions contained in rules adopted on or about June 19, 2011, and other rules and regulations of Defendant Fishing Rock HOA (collectively the "Restrictions") in order to have an equal opportunity to enjoy and use her parents' dwelling.

27.     On or about March 2, 2011, Defendant Fishing Rock HOA's attorney sent a letter to Plaintiff's parents informing them that they were out of compliance with the Fishing Rock Restrictions relating to parking and domestic animals.

28.     Plaintiff requested an accommodation for her disability several times by sending faxes or certified mailings to the Fishing Rock HOA in care of its attorney, Gary Hamilton. Plaintiff's first request was sent by fax on or about March 2, 2011.  Plaintiff also sent letters containing a request for a reasonable accommodation to Defendant Gail Ohm (on or about March 17, 2011), to Defendant Don Roberts (on or about March 16, 2011).  Plaintiff sent numerous other letters to defendants or others associated with Defendant Fishing Rock HOA.

29.     Plaintiff's correspondence included requests that Defendant Fishing Rock HOA modify its rules to allow her to keep her service dog and to park in the driveway of her parents' house, without forcing her parents to either get rid of one of their domestic dogs or to park outside of the development.  Plaintiff's correspondence included proof of her disability, even

though plaintiff's disability is visible to the naked eye because of her use of the back brace and mobility devices.

30. Plaintiff filed an administrative complaint with the Oregon Bureau of Labor and Industries (BOLI) on or about July 28, 2011. BOLI is still conducting its investigation. Plaintiff's parents filed an administrative complaint alleging violation of fair housing law, including failure to provide reasonable rule modifications for their daughter, prior to March 22, 2011, and submitted a signed complaint on or about May 18, 2011.

31. Defendants Gail Ohm, Don Roberts, and Fishing Rock HOA were named as respondents in these complaints, and BOLI provided the statutorily required notice to them within ten days of when the administrative complaints were filed.

32. Defendant Fishing Rock HOA's response to Plaintiff's repeated requests for an accommodation was to adopt new rules that contained more stringent regulations regarding both dogs and parking, and to inform Plaintiff and her parents of said rules by letter directed to plaintiff's parents on or about June 19, 2011.

33. At a board meeting in August of 2007, the Board decided, and the Ohms and the Roberts concurred, that the Ohms should recuse themselves from "voting on any issues that specifically impacts the Roberts individually and not the Association as a whole."

34. Defendants Gail Ohm and Don Roberts voted for the new rules and regulations and were the primary board members driving the adoption of the new rules.

35. Defendant Fishing Rock HOA never informed Plaintiff of any action that it took to grant Plaintiff's request for a modification.

36. Since March 11, 2011 and continuing to the present, Defendants Gail and John Ohm and Defendants Don and Vickie Roberts have engaged, individually and as a group, in a

Page 7 -FIRST AMENDED COMPLAINT

Steven F. Cade, Attorney at Law
621 SW Morrison, Ste 700, Portland, OR 97204
Tel: (503) 972-9410

series of acts that constitute a pattern of intimidating and coercive behavior calculated to interfere with Plaintiff's ability to quietly live in the dwelling of her choice. This behavior includes harassment at multiple locations and contexts. It includes the use of other people to harass Plaintiff and others. It includes harassment of other people in order interfere with Plaintiff's rights. These Defendants all knew that Plaintiff was handicapped, and undertook their pattern of behavior because Plaintiff had attempted to exercise her rights under the FHA. The Roberts defendants nor the Ohm defendants began harassing Plaintiff after March, 2011, when she first exercised her rights under the FHA.

37.     More specifically, Defendants harassed Plaintiff by:

A. Surveilling Plaintiff, her movements, and her household. This includes taking video and still photography of Plaintiff and her children.

B. On or about July 4th, 2011, the Roberts Defendants were having guests at their home. When Plaintiff walked by, Defendants began pointing at her and laughing, and calling attention to her and jeering at her, on account of Plaintiff wearing a back brace and being disabled, apparently implying that she was faking her disability. The Roberts Defendants have repeated this behavior, in front of their guests, on several other occasions.

C. In July of 2011 Defendants John and Gail Ohm and two other people gathered outside of Plaintiff's bedroom window, having heard falsely that she was leaving the neighborhood, and spent several minutes cheering in loud voices and talking about how glad they were that Plaintiff was leaving.

D. Defendants John and Gail Ohm and Don and Vickie Roberts have frequently driven past Plaintiff, her children, or her employees at an excessive rate of speed, in order to scare them.

38. As a result of Defendants' conduct, Plaintiff has moved into and out of her parents' house on two occasions, has had to create contingency plans regarding her daughter's education, has modified her room in her parents' house in order to increase her privacy therein, and has suffered severe emotional distress and anxiety. The stress and anxiety caused by the conduct of the defendants has caused an aggravation of Plaintiff's back condition so that she experienced shooting back pains, has had to take periodic vacations away from the neighborhood to relieve her stress, and suffered other damages to be proved at trial.

V.

FIRST CLAIM FOR RELIEF

(42 U.S.C. §3604 Housing discrimination against handicapped individual, Defendants Fishing Rock HOA, Don Roberts, and Gail Ohm)

39. Plaintiff realleges paragraphs 1 to 38.

40. Plaintiff is a handicapped individual who requested a reasonable accommodation to housing related rules and regulations because such accommodation may be necessary to afford her an equal opportunity to enjoy and use a dwelling.

41. Defendant Fishing Rock HOA knew she was handicapped, and failed to grant Plaintiff's request for reasonable accommodation.

42. Defendants Gail Ohm and Don Roberts knew that Plaintiff was handicapped, but failed to cause Defendant Fishing Rock HOA to grant Plaintiff's request for reasonable accommodation, even though they had the ability to do so.

43. As a result, Plaintiff is entitled to actual and punitive damages and appropriate injunctive relief.

44. Plaintiff should be awarded her attorney fees and litigation expenses/costs against defendants pursuant to 42 U.S.C. §3613(c).

VI.

SECOND CLAIM FOR RELIEF

(42 U.S.C. §3617 Intimidation, coercion, threats, interference, All Defendants)

45. Plaintiff realleges paragraphs 1 to 44.

46. The Ohm Defendants and the Roberts Defendants have engaged in numerous acts constituting a pattern of intimidating and coercive behavior calculated to interfere with Plaintiff's ability to quietly live in the dwelling of her choice. These Defendants all knew that Plaintiff was handicapped, and undertook their acts because Plaintiff had attempted to exercise her rights under the FHA.

47. Additionally, Defendants Don Roberts and Defendants Gail Ohm used their positions on the Board of Directors of Defendant Fishing Rock HOA to further interfere with and intimidate Plaintiff in the exercise of her rights, and to interfere with and intimidate her Parents in the exercise of their rights, by causing Defendant Fishing Rock HOA to adopt the new more restrictive rules and regulations.

48. Defendant Fishing Rock HOA interfered with Plaintiff's ability to quietly exercise her rights under the FHA and intimidated her, and also interfered with and intimidated her parents in the exercise of their rights by retaliating against them for filing an administrative claim with BOLI, by adopting new, stricter, rules and regulations and sending them to the Plaintiff with the implied threat of enforcement.

49. Defendant Fishing Rock HOA knew that Plaintiff was disabled, and created these rules because Plaintiff had attempted to exercise her rights under the FHA.

50. As a result, Plaintiff is entitled to actual and punitive damages and appropriate injunctive relief.

51. Plaintiff should be awarded her attorney fees and litigation expenses/costs against defendants pursuant to 42 U.S.C. §3613(c).

VII.

THIRD CLAIM FOR RELIEF

(ORS 659A.145(2)(g) Housing discrimination against a disabled individual, Defendants Fishing Rock HOA, Gail Ohm, and Don Roberts)

52  Plaintiff realleges paragraphs 1 to 51.

53. Plaintiff is a disabled individual who requested a reasonable accommodation to housing related rules and regulations because such accommodation may be necessary to afford her an equal opportunity to enjoy and use a dwelling.

54. Defendant Fishing Rock HOA knew she was disabled, and failed to grant Plaintiff's request for reasonable accommodation.

55. Defendants Gail Ohm and Don Roberts knew that Plaintiff was disabled, but failed to cause Defendant Fishing Rock HOA to grant Plaintiff's request for reasonable accommodation.

56. As a result, Plaintiff is entitled to compensatory damages and punitive damages in an amount to be proven at trial as well as appropriate equitable relief.

57. Plaintiff should be awarded her attorney fees and litigation expenses/costs against defendants pursuant to ORS 659A.885(1).

//

//

Page 11 -FIRST AMENDED COMPLAINT    Steven F. Cade, Attorney at Law
621 SW Morrison, Ste 700, Portland, OR 97204
Tel: (503) 972-9410

VIII.

FOURTH CLAIM FOR RELIEF

(ORS 659A.145(8) Coercion, intimidation, threats, interference, All Defendants)

58.     Plaintiff realleges paragraphs 1 to 57.

59.     The Ohm Defendants and the Roberts Defendants have engaged in numerous acts constituting a pattern of intimidating and coercive behavior calculated to interfere with Plaintiff's ability to quietly live in the dwelling of her choice.  These Defendants all knew that Plaintiff was disabled, and undertook their pattern of behavior because Plaintiff had attempted to exercise her rights under State law.

60.     Defendant Fishing Rock HOA interfered with Plaintiff's ability to quietly exercise her rights under State law and intimidated her by adopting new, stricter, rules and regulations and sending them to the Plaintiff with the implied threat of enforcement.  Defendant Fishing Rock HOA knew that Plaintiff was disabled, and created these rules because Plaintiff had attempted to exercise her rights under State law.

61.     As a result, Plaintiff is entitled to compensatory damages and punitive damages in an amount to be proven at trial as well as appropriate equitable relief.

62.     Plaintiff should be awarded her attorney fees and litigation expenses/costs against defendants pursuant to ORS 659A.885(1).

IX.

FIFTH CLAIM FOR RELIEF

(ORS 659A.865 Retaliation during pendency of administrative complaint, Defendants Fishing Rock HOA, Gail Ohm, and Don Roberts)

63.     Plaintiff realleges paragraphs 1 to 62.

64. Defendant Fishing Rock HOA retaliated against Plaintiff by adopting new and more restrictive rules relating to the precise areas in which Plaintiff made her request for accommodation (dogs and parking) after Plaintiff had made her administrative complaint. Defendants Gail Ohm and Don Roberts also retaliated against Plaintiff by voting to approve these rules.

65. Defendant Fishing Rock HOA retaliated against Plaintiff's parents by adopting new and more restrictive rules relating to dogs and parking after Plaintiff's parents had made administrative complaints. Defendants Gail Ohm and Don Roberts retaliated against Plaintiff's parents by voting to approve these rules.

66. These new rules were adopted with the intention of defeating the purpose of ORS chapter 659A and had the effect of depriving Plaintiff of access to services and or real property.

67. The rules were adopted after Defendants Fishing Rock HOA, Gail 6Ohm, and Don Roberts had notice that an administrative complaint had been filed naming them as respondents.

68. The actions of Defendants Fishing Rock HOA, Gail Ohm, and Don Roberts caused damages to Plaintiff, whether Defendants retaliated against Plaintiff or Plaintiff's parents.

69. As a result, Plaintiff is entitled to compensatory damages and punitive damages in an amount to be proven at trial as well as appropriate equitable relief.

70. Plaintiff should be awarded her attorney fees and litigation expenses/costs against defendants pursuant to ORS 659A.890(1), 659A.885(1), (3).

//

//

//

X.

SIXTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress, Defendants Gail Ohm, John Ohm, Don Roberts, Vickie Roberts)

71.     Plaintiff realleges paragraphs 1 to 70.

72.     The Ohm Defendants and the Roberts Defendants have engaged in numerous acts constituting a pattern of intimidating and coercive behavior calculated to interfere with Plaintiff's ability to quietly live in the dwelling of her choice.

73.     The Roberts Defendants and the Ohm Defendants acted with the intent of inflicting severe emotional distress to Plaintiff.  The actions of the defendants were in excess of any reasonable limit of social toleration as they constituted disability-based harassment.

74.     The actions of Defendant Gail Ohm and Defendant Don Roberts were even more outrageous because they stood in a position of authority over and responsibility to Plaintiff, a resident of the Fishing Rock neighborhood, as members of the Board of Directors of the Fishing Rock HOA, which is a quasi-governmental institution.

75.     Plaintiff suffered severe emotional distress as a result of Defendants' actions including shame, embarrassment, and humiliation.

76.     As a result, Plaintiff is entitled to recover compensatory and punitive damages in an amount to be proven at trial.

XI.

CIVIL CONSPIRACY

(All Defendants)

77.     Plaintiff realleges paragraphs 1 through 76.

Page 14 -FIRST AMENDED COMPLAINT     Steven F. Cade, Attorney at Law
621 SW Morrison, Ste 700, Portland, OR 97204
Tel: (503) 972-9410

78. Plaintiff specially designates paragraphs 79 through 82 pursuant to Fed. R. Civ. Proc. 11(b)(3) as being likely to have factual support after a reasonable opportunity for further investigation or discovery.

79. All named Defendants are acting together to try to force Plaintiff and her family to leave Fishing Rock. The Defendants agreed on a single purpose, to force her and her family from the home, and have undertaken the unlawful actions described in this complaint in furtherance of that common goal.

80. Each Defendant has given substantial assistance to the conspiracy in its plan to retaliate against and intimidate Plaintiff on account of her having exercised her civil rights. The purpose of the conspiracy was to cause harm to Plaintiff.

81. Plaintiff was injured by the actions of the conspiracy as described herein.

82. As a result, each defendant is jointly liable for all relief granted by this Court for any wrongful act conducted in furtherance of the conspiracy.

## PRAYER

**WHEREFORE**, Plaintiff prays for relief from the Court as follows:

A. Declare that the defendants' conduct violates Plaintiff's civil rights under Oregon and Federal Law;

B. Enjoin defendants from intimidating, coercing, threatening, or interfering with Plaintiff in the exercise of her civil rights in the future and from retaliating against Plaintiff on account of her having made an administrative complaint;

C. Award Plaintiff full compensatory damages for economic and non-economic damage suffered in amounts to be proved at trial in accordance with the allegations set forth above;

    D. Award punitive damages;

    E. Award Plaintiff her attorney fees and litigations expenses/costs against defendants in accordance with the allegations above; and

    F. Grant all additional relief that the interests of justice may require.

PLAINTIFF DEMANDS A JURY TRIAL.

DATED this 5th day of December, 2011.

        /s/_____
        Steven Cade, OSB #106466
        (503) 972-9410
        Of Attorneys for Plaintiff

CERTIFICATE OF SERVICE

      I hereby certify that on December 5, 2011, I served the foregoing **FIRST AMENDED COMPLAINT** on the following parties:

    Tamara E. Russell
    Barran Liebman LLP
    601 SW Second Avenue, Suite 2300
    Portland, OR 97204-3159

    Counsel for Defendants Fishing Rock
    HOA, Gail Ohm, John Ohm, Don Roberts,
    and Vickie Roberts.

By electronically filing the **FIRST AMENDED COMPLAINT** in the Court's ECF System.

                                                                              /s/_____
                                                                              Steven Cade, OSB #106466
                                                                              (503) 972-9410
                                                                              Of Attorneys for Plaintiff

Page 17 -FIRST AMENDED COMPLAINT     Steven F. Cade, Attorney at Law
                                                                    621 SW Morrison, Ste 700, Portland, OR 97204
                                                                    Tel: (503) 972-9410