**Tamara E. Russell,** OSB No. 973868
trussell@barran.com
BARRAN LIEBMAN LLP
601 SW Second Ave., Suite 2300
Portland, Oregon 97204-3159
Telephone: (503) 228-0500
Facsimile: (503) 274-1212

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KATHLEEN ROBERTS, | CV. 11-6292-TC |
| Plaintiff, | |
| v. | ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS FISHING ROCK OWNERS' ASSOCIATION, GAIL OHM, JOHN OHM, VICKIE ROBERTS AND DON ROBERTS TO FIRST AMENDED COMPLAINT |
| FISHING ROCK OWNERS' ASSOCIATION, INC., an Oregon corporation, GAIL OHM, an individual, JOHN OHM, an individual, VICKIE ROBERTS, an individual, DON ROBERTS, an individual, JAQUELINE FARAH, an individual, | |
| Defendants. | |

For their answer to plaintiff's First Amended Complaint dated December 5, 2011, defendants Fishing Rock Owners' Association, Gail Ohm, John Ohm, Vicki Roberts (erroneously identified as "Vickie Roberts"), and Don Roberts (collectively, "defendants") respond and allege as follows:

Page 1 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

I.

1. The allegations in paragraph one consist of legal conclusions to which no response is required.

2. The allegations in paragraph two consist of legal conclusions to which no response is required.

II.

## JURISDICTION

3. The allegations in paragraph three consist of legal conclusions to which no response is required. Defendants admit, however, that the U.S. District Court for the District of Oregon has jurisdiction over the claims alleged in plaintiff's First Amended Complaint.

III.

## PARTIES

4. Answering the allegations in paragraph four, defendants state that they are without information sufficient to form a belief as to the truth of the matters alleged and therefore deny them.

5. Defendants admit the allegations in paragraph five, and further state that Don Roberts has served as President of the Fishing Rock HOA within the statute of limitations on each of the claims alleged in plaintiff's First Amended Complaint.

6. Defendants admit the allegations in paragraph six and further state that Gail Ohm has served as Secretary of the Fishing Rock HOA within the statute of limitations applicable to each of the claims alleged in plaintiff's First Amended Complaint.

7. Defendants admit the allegations in paragraph seven.

IV.

## FACTS

8. Defendants lack information sufficient to form a belief as to the matters alleged in

Page 2 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

paragraph eight and therefore deny them.

9.  Defendants lack information sufficient to form a belief as to the matters alleged in paragraph nine and therefore deny them.

10. Answering the allegations in paragraph 10, defendants state that plaintiff has been seen – on occasion – wearing some type of brace and that – on occasion – she has been seen using either a motorized or a nonmotorized device while she walks. Defendants, however, lack information sufficient to form a belief as to the allegations regarding why those devices are needed or anything about the alleged "hard plastic back brace", and they therefore deny them and any other allegations in paragraph 10 not specifically admitted to.

11. Defendants lack information sufficient to form a belief as to the matters alleged in paragraph 11 and therefore deny them.

12. Answering the allegations in paragraph 12, defendants state that plaintiff moved into her parents' home at some point, and that plaintiff's children are the only two individuals under the age of 18 who live in the Fishing Rock community. Defendants either deny the remaining allegations in paragraph 12 or lack information sufficient to form a belief as to the truth of the matters alleged, and therefore deny them.

13. Answering the allegations in paragraph 13, defendants admit that after plaintiff's mother spoke in a loud and rude tone to some of the defendants at the Annual Meeting, and after plaintiff's mother started walking towards them, defendant Vicki Roberts mouthed the word "bitch" towards plaintiff's mother. Defendants deny the remaining allegations in paragraph 13.

14. Answering the allegations in paragraph 14, defendants admit that plaintiff's parents own three lots in the Fishing Rock community. Defendants further admit that plaintiff's parents have made numerous inquiries since 2005 to the Board, the Fishing Rock HOA Design Review Committee, and other Fishing Rock homeowners about construction plans for all three lots, and that the Design Review Committee granted some of those requests. Defendants deny

Page 3 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

00221491.1

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500 FAX (503) 274-1212

the remaining allegations in paragraph 14.

15. Defendant Vicki Roberts denies the allegations in paragraph 15.

16. Defendant Gail Ohm denies the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17, except to note that former Fishing Rock HOA President Carol Lentz had invited David and Sharon Roberts to share their concerns, either at meetings or in face-to-face or email communications.

18. Paragraph 18 contains what appears to be allegations by non-parties to this lawsuit – no response is required. Defendants admit, however, that each lot owner in the Fishing Rock community has one vote.

19. Defendants admit the allegations in paragraph 19 but note that they are irrelevant.

20. Answering the allegations in paragraph 20, defendants state that there is no Fishing Rock committee with the name, "Architectural Review Committee," and therefore denies the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Answering the allegations in paragraph 22, defendants state that defendants John and Gail Ohm live directly across from plaintiff's parents. Defendants deny the remaining allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants admit the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Answering the allegations in paragraph 27, defendants admit that the March 2, 2011, correspondence with plaintiff's attorney addressed the following, in the following order: (a) The unapproved amount of dirt and fill David and Sharon Roberts put on their lots; (b) David and Sharon Roberts' failure to maintain their hedges and other landscaping in conformance with

Page 4 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

Fishing Rock restrictive covenants on the subject; (c) David and Sharon Roberts' introduction of a fourth dog to the neighborhood, in violation of Fishing Rock restrictive covenants on the subject; (d) David and Sharon Roberts' parking of vehicles on one of the lots next to their home. Defendants deny all other allegations in paragraph 27.

28.    Answering the allegations in paragraph 28, defendants deny that plaintiff sent "numerous" letters to defendants or "others associated with Defendant Fishing Rock HOA" regarding accommodations for her purported disability. Defendants admit, however, that plaintiff sent Fishing Rock HOA Attorney Gary Hamilton a letter dated March 30, 2011, in which she requested "reasonable accommodations for myself and my Service Dog."

29.    Defendants deny the allegations in paragraph 29. Any purported "requests for accommodation" speak for themselves.

30.    Defendants admit the allegations in paragraph 30.

31.    Defendants admit the allegations in paragraph 31.

32.    Answering the allegations in paragraph 32, defendants state that by resolution adopted by the Board of Directors, the Fishing Rock HOA issued "Additional Rules and Regulations and Schedule of Fines" on or about June 17, 2011. Defendants deny the remaining allegations in paragraph 32.

33.    Answering the allegations in paragraph 33, defendants admit that at the August 12, 2007, Board of Directors' meeting, the Board discussed how defendants Ohms and Vicki Roberts had previously agreed to refrain from voting on any issues that specifically impacted David and Sharon Roberts as individuals (as opposed to the HOA as a whole), given that both Vicki Roberts and the Ohms had filed formal complaints against David and Sharon Roberts prior to that meeting. Defendants deny the remaining allegations in paragraph 33.

34.    Answering the allegations in paragraph 34, defendants state that the phrase "new rules and regulations" is too vague to address. Defendants admit, however, that defendant Gail

Page 5 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

00221491.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Ohm voted to approve the June 17, 2011, "Additional Rules and Regulations and Schedules of Fines" described in paragraph 32 above. Defendants deny the remaining allegations in paragraph 34.

35.   Answering the allegations in paragraph 35, defendants state that even if they did not specifically respond to plaintiff's March 30, 2011, correspondence with Attorney Gary Hamilton, plaintiff and her parents have four dogs today, and they regularly park in the street and in David and Sharon Roberts' empty lot – actions which violate the Fishing Rock HOA restrictive covenants.

36.   Defendants deny the allegations in paragraph 36.

37.   Defendants deny the allegations in paragraph 37 except to state that pictures have been taken of the location of plaintiff's Hummer to show that she parked in the street, that she parked in the lot away from the front door of her parents' home, and sometimes in the street because her mother's car was parked in the driveway, and that on several occasions, plaintiff's purported "service dog" does not provide any service in response to plaintiff's purported disability, that plaintiff does not walk with a brace or "walker," and that plaintiff and her parents appear to be photographing and filming the defendants as well.

38.   Defendants lack information sufficient to form a belief as to the matters alleged in paragraph 38 and therefore deny them.

V.

FIRST CLAIM FOR RELIEF

(42 U.S.C. §3604 Housing discrimination against handicapped individual, Defendants Fishing Rock HOA, Don Roberts, and Gail Ohm)

39.   Answering the allegations in paragraph 39, defendants reallege their responses to paragraphs 1-38 as though fully set forth herein.

40.   Defendants deny the allegations in paragraph 40, or lack information sufficient to

Page 6 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

form a belief as to the matters alleged (and therefore deny them).

41. Defendant Fishing Rock HOA denies the allegations in paragraph 41.

42. Defendants Gail Ohm and Don Roberts deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43 and specifically deny plaintiff's entitlement to any damages.

44. Defendants deny the allegations in paragraph 44.

## VI.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. §3617 Intimidation, coercion, threats, interference, All Defendants)

45. Defendants reallege their responses to paragraphs 1-44 as though fully set forth herein.

46. Defendants John and Gail Ohm and Don and Vicki Roberts deny the allegations in paragraph 46.

47. Defendants Don Roberts and Gail Ohm deny the allegations in paragraph 47.

48. Defendant Fishing Rock HOA denies the allegations in paragraph 48.

49. Defendant Fishing Rock HOA denies the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50 and specifically deny plaintiff's entitlement to any damages.

51. Defendants deny the allegations in paragraph 51.

## VII.

## THIRD CLAIM FOR RELIEF

(ORS 659A.145(2)(g) Housing discrimination against a disabled individual, Defendants Fishing Rock HOA, Gail Ohm, and Don Roberts)

52. Defendants reallege their responses to paragraphs 1-51 as though fully set forth herein.

Page 7 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

53. Defendants lack information sufficient to form a belief as to the truth of the matters alleged in paragraph 53 and therefore deny them.

54. Defendant Fishing Rock HOA denies the allegations in paragraph 54.

55. Defendants Gail Ohm and Don Roberts deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56 and specifically deny plaintiff's entitlement to damages.

57. Defendants deny the allegations in paragraph 57.

VIII.

FOURTH CLAIM FOR RELIEF

(ORS 659A.145(8) Coercion, intimidation, threats, interference, All Defendants)

58. Defendants reallege their responses to paragraphs 1-57 as though fully set forth herein.

59. Defendants John and Gail Ohms and Don and Vicki Roberts deny the allegations in paragraph 59.

60. Defendant Fishing Rock HOA denies the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61 and specifically deny plaintiff's entitlement to damages.

62. Defendants deny the allegations in paragraph 62.

IX.

FIFTH CLAIM FOR RELIEF

(ORS 659A.865 Retaliation during pendency of administrative complaint, Defendants Fishing Rock HOA, Gail Ohm, and Don Roberts)

63. Defendants reallege their responses to paragraphs 1-62 as though fully set forth herein.

64. Defendants deny the allegations in paragraph 64.

Page 8 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69 and specifically deny plaintiff's entitlement to damages.

70. Defendants deny the allegations in paragraph 70.

X.

SIXTH CLAIM FOR RELIEF

(Intentional Infliction of Emotional Distress, Defendants Gail Ohm, John Ohm, Don Roberts, Vickie Roberts)

71. Defendants reallege their responses to paragraphs 1-70, as though fully set forth herein.

72. Defendants John and Gail Ohm and Don and Vicki Roberts deny the allegations in paragraph 72.

73. Defendants John and Gail Ohm and Don and Vicki Roberts deny the allegations in paragraph 73.

74. Defendants John and Gail Ohm and Don and Vicki Roberts deny the allegations in paragraph 74.

75. Defendants John and Gail Ohm and Don and Vicki Roberts deny the allegations in paragraph 75.

76. Defendants John and Gail Ohm and Don and Vicki Roberts deny the allegations in paragraph 72 and specifically deny plaintiff's entitlement to damages.

Page 9 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

## XI.

## CIVIL CONSPIRACY

(All Defendants)

77.  Answering the allegations in paragraph 77, defendants reallege their responses to paragraphs 1-76 as though fully set forth herein.

78.  Paragraph 78 contains legal conclusions to which no response is required.

79.  Defendants deny the allegations in paragraph 79.

80.  Defendants deny the allegations in paragraph 80.

81.  Defendants deny the allegations in paragraph 81.

82.  Defendants deny the allegations in paragraph 82.

83.  Defendants deny each and every allegation in plaintiff's First Amended Complaint not specifically admitted to herein.

## **AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

84.  Plaintiff has failed to allege facts sufficient to constitute one or more claims against one or more of the defendants.

## SECOND AFFIRMATIVE DEFENSE

(No Liability for Individual Board Members)

85.  Defendant Gail Ohm and Defendant Don Roberts, and all current and former Fishing Rock HOA board members, have statutory immunity under ORS 65.369, which limits the civil liability of a director of a nonprofit corporation for performance or nonperformance to gross negligence or intentional misconduct situations.

Page 10 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

00221491.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

86.     Based upon information and belief, plaintiff has failed to exercise reasonable care and diligence to mitigate her alleged damages, if any, or to otherwise avoid harm.

## FOURTH AFFIRMATIVE DEFENSE

(Good Faith/Legitimate Business Reasons)

87.     Without assuming the burden of proof, defendants state that their actions with respect to the subject matter as alleged in the complaint were undertaken in good faith and justified by legitimate business motives, purposes, and reasons, with the absence of intent to injure plaintiff, and constituted lawful, proper, and justified activities.

## FIFTH AFFIRMATIVE DEFENSE

(Plaintiff's Conduct)

88.     Plaintiff's own deliberate, willful and/or negligent conduct proximately caused or contributed to some or all of the damages and injuries alleged in the First Amended Complaint. To the extent, if any, that plaintiff has suffered any emotional distress or mental anguish, plaintiff's own conduct and negligent acts and omissions proximately caused her emotional distress and/or mental anguish.

## SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

89.     To the extent plaintiff's claims are based on any events falling outside the applicable statute of limitations, her claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

(Good Faith Efforts)

90.     At all times, defendants made good faith efforts to comply with all applicable state and federal laws.

Page 11 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

00221491.1

**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

## SEVENTH AFFIRMATIVE DEFENSE

(Same Decision Absent Protected Conduct)

91.  Plaintiff's claims for damages, fees, and costs are barred in whole or in part because defendants would have made the same employment decisions regarding plaintiff in the absence of any alleged impermissible motivating factor, the presence of which is denied.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Constitutional Guarantees)

92.  Under the circumstances of this case, the imposition of punitive damages upon defendants would violate constitutional guarantees including but not limited to its constitutional rights to due process and equal protection under the U.S. and Oregon Constitutions.

## COUNTERCLAIM

(Attorney Fees)

93.  Plaintiff's claims are frivolous, unreasonable and without foundation. Defendants are therefore entitled to reasonable attorneys' fees, expert witness fees, costs, and expenses incurred in defense of plaintiff's claims pursuant to USC §3613 and ORS 659A.885 and/or any other applicable statute or theory and such other relief as the Court deems appropriate.

WHEREFORE, defendants demand judgment as follows:

(1)  For dismissal of plaintiff's First Amended Complaint and that plaintiff take nothing thereby;

(2)  For judgment in defendants' favor and for an award of costs, disbursements and attorney fees incurred herein; and

Page 12 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

00221491.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

(4) For any other relief this court deems just and appropriate.

DATED this 22nd day of December, 2011.

                                      BARRAN LIEBMAN LLP

By _____
    Tamara E. Russell, OSB No. 973868
    Telephone: (503) 228-0500
Attorneys for Defendants Fishing Rock Owners'
Association, Gail Ohm, John Ohm, Vickie
Roberts, and Don Roberts

Page 13 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2011, I served the foregoing **ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM OF DEFENDANTS FISHING ROCK OWNERS' ASSOCIATION, GAIL OHM, JOHN OHM, VICKIE ROBERTS AND DON ROBERTS TO FIRST AMENDED COMPLAINT** on the following party:

Steven F. Cade
Attorney at Law
621 SW Morrison, Suite 700
Portland, OR 97204

Counsel for Plaintiff

by the following indicated method(s) set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Facsimile**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**

_____
Tamara E. Russell

Page 14 - ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FIRST AMENDED COMPLAINT